Official Form 17A (12/14)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------;

In Re Eric H. Richmond,

Debtor

Chapter 13

No. 14-41678 (cec)

----------------------------------------------;

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Eric H. Richmond

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   X  Debtor
      Creditor
      Trustee
      Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _____
   **OPINION THAT APPEAL NOT TAKEN IN GOOD FAITH**

2. State the date on which the judgment, order, or decree was entered:
   **December 08, 2015**

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **PB #7, LLC**    Attorney:  **Glenn P Warmuth**
                                        **Stim and Warmuth**
                                        **2 Eighth Street**
                                        **Farmingville, New York, 11738**
                                        **631-732-2000**

2. Party: **Michael Macco**  Attorney:  **Michael J. Macco**
          **Trustee**                   **2950 Expy Dr S #109,**
                                        **Islandia, NY 11749**
                                        **Phone: (631) 479-2869**

Official Form 17A (12/14)

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❏ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Date: January 22, 2016

Eric Richmond, Pro Se
2107 Regent Place
Brooklyn, NY  11226
646 256 9613

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

### CIVIL COVER SHEET

2015 JAN 26 P 3:31

CLERK
US BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

RECEIVED

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. IN RE: Bankruptcy Case No. __14-41678(cec)_____ Adv. Pro. No. *(if applicable)*_____

### Bankruptcy Appeal

| APPELLANTS | APPELLEES |
|---|---|
| Eric H. Richmond | P.B. #7, LLC |

| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |
|---|---|
| Eric Richmond, Pro Se<br>2107 Regent Place<br>Brooklyn NY 11226<br>(646) 256 – 9613 | Glenn P. Warmuth<br>Stim and Warmuth<br>2 Eighth Street<br>Farmingville, NY 11738 - Ph - 631-732-2000 |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal (*Write brief statement of cause.*)

-The Bankruptcy Court erred in finding an appeal for failure to proceed affirmed the decision under appeal.
-The Bankruptcy Court erred in finding that a Debtor could file anything before becoming a Debtor.
-The Bankruptcy Court erred in bringing in anything from a case not directly involving the Debtor.
-The Bankruptcy Court erred in not objectively addressing the arguments and raised in the appeal (as in case cited from *in re Coppedge*) by both opposing counsel and in the opinion under appeal.
-The Bankruptcy Court erred in not even uttering what the motions and appeals in this case allege, violations of due process by the Bankruptcy Court.
-The Bankruptcy Court erred in denying a timely filed motion for more time to file an appeal.
-The Bankruptcy Court erred in finding that an order was entered amending an existing order instead of an amended order which replaces the original.
-The Bankruptcy Court erred in finding that filing motions alleging due process violations can ever be frivolous.
-The Bankruptcy Court erred in finding that an allegation of a due process violation by the Bankruptcy Court can ever be found "groundless, without foundation and without merit" without actually addressing the due process violation allegations. That the Bankruptcy Court could not bring itself to say "Debtor alleges a due process violation" in its decision is telling.

NATURE OF SUIT: 422 Bankruptcy_____
Appeal (801) RELATED CASE(S) IN
DISTRICT COURT, IF ANY

DISTRICT JUDGE_____  DOCKET NUMBER_____
CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:
   1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT
   2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION
   3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK
Date:__01/22/2016_  Signature of Attorney of Record:_____*[or Appellant Pro Se]*
**FOR COURT USE ONLY**
APPLYING IFP_____   JUDGE_____MAG. JUDGE_____

## CIVIL COVER SHEET, Bankruptcy Appeal (cont'd)

Did the cause of action arise in Nassau or Suffolk County? __NO__

If YES, please indicate which county:_____

---

I am currently admitted in the Eastern District of New York and currently a member in good

standing of the bar of this court.   YES                                              __NO - X__

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES      (If yes, please explain)             __NO - X__

---

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code: _NONE_____

E-Mail Address:_brooklynlyceum@gmail.com_____

USBC-84 [r.4/10/03]]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Case No. 14-41678-cec

    Eric H. Richmond,                              Chapter 13

                Debtor.

-----------------------------------------------------------x

OPINION

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the order of the United States District Court for the Eastern District of New York (Cogan, J.), entered on the docket of this case on December 3, 2015 (the "Referral Order"), referring the *in forma pauperis* motion filed by Eric H. Richmond (the "Debtor") to this Court for determination whether the Debtor's pending appeal is taken in good faith and whether it otherwise complies with the requirements of 28 U.S.C. § 1915. For the reasons stated below, this Court certifies that the appeal is not taken in good faith and does not comply with the requirements of 28 U.S.C. § 1915.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(b), 28 U.S.C. § 1334, and the referral of this matter to this Court by the United States District Court for the Eastern District of New York. See Nieves v. Melendez (In re Melendez), 153 B.R. 386 (Bankr. D. Conn. 1993).

## BACKGROUND

This Court has had many occasions to address issues raised by the Debtor in this case and in the chapter 11 case of 231 Fourth Avenue Lyceum, LLC. (Case No. 13-42125.)

A. Lyceum's Bankruptcy Case

The Debtor is the principal and sole shareholder of 231 Fourth Avenue Lyceum, LLC ("Lyceum"). In re Richmond, 513 B.R. 34, 36 (Bankr. E.D.N.Y. 2014). Lyceum owned a building located at 227-231 4th Avenue, Brooklyn, New York (the "Property"). Richmond, 513 B.R. at 36. P.B. #7 LLC ("P.B.") held a note and mortgage on the Property. Richmond, 513 B.R. at 36. Lyceum defaulted on the note and, on September 28, 2012, P.B. obtained a judgment of foreclosure and sale against both Lyceum and the Debtor (the "Foreclosure Judgment"). Richmond, 513 B.R. at 36. Lyceum filed its bankruptcy petition on the eve of the scheduled foreclosure sale. Richmond,

1

513 B.R. at 36. P.B. On December 4, 2013, P.B. filed a motion seeking to lift the automatic stay with respect to the Property. In re 231 Fourth Avenue Lyceum, LLC, 506 B.R. 196, 201 (Bankr. E.D.N.Y. 2014). By order entered March 3, 2014, the automatic stay was terminated as to P.B.'s interest in the Property (the "Lyceum Lift Stay Order"). (Order, Case No. 13-42125, ECF Doc. No. 77.) Lyceum appealed the Lyceum Lift Stay Order to the District Court. (Notice of Appeal, Case No. 13-42125, ECF Doc. No. 79.) That appeal (14-cv-2860) was dismissed and this Court's decision affirmed on December 4, 2014. (Order, Case No. 13-42125, ECF Doc. No. 142.)

On March 18, 2014, the Debtor, purporting to act on behalf of Lyceum, filed a motion to reargue or renew the Lyceum Lift Stay Order. (Mot. to Reargue or Renew, Case No. 13-42125, ECF Doc. No. 80.) That motion was ultimately denied by decision and order entered July 17, 2014. (Decision, Case No. 13-42125, ECF Doc. No. 101; Order, Case No. 13-42125, ECF Doc. No. 102.)

The United States Trustee filed a motion to dismiss Lyceum's case on January 16, 2014. (Mot. to Dismiss Case, Case No. 13-42125, ECF Doc. No. 69.) That motion was granted by order entered September 8, 2014, and the case was dismissed (the "Dismissal Order"). (Order, Case No. 13-42125, ECF Doc. No. 113.) On September 22, 2014, Lyceum filed a motion to reargue and reconsider the Dismissal Order. (Mot. to Reargue and Reconsider, Case No. 13-42125, ECF Doc. No. 116.) That motion was denied by order entered September 30, 2014. (Order, Case No. 13-42125, ECF Doc. No. 124.) Lyceum also appealed the Dismissal Order and the order denying the motion to reargue and reconsider to the District Court. (Notice of Appeal, Case No. 13-42125, ECF Doc. No. 117; Notice of Appeal, Case No. 13-42125, ECF Doc. No. 127.) Those two appeals (14-cv-6557 and 14-cv-7113) were consolidated with two appeals (14-cv-5957 and 14-cv-7112) from the Debtor's individual case (discussed below) and all four appeals were dismissed on February 24, 2015. (Mem. Decision and Order, Case No. 13-42125, ECF Doc. Nos. 144, 145.)

The Debtor then filed a motion in Lyceum's case, on his own behalf, seeking to vacate the Foreclosure Judgment. (Mot. to Vacate, Case No. 13-42125, ECF Doc. No. 147.) That motion was denied by order entered August 26, 2015. (Order, Case No. 13-42125, ECF Doc. No. 151.) After seeking and being granted leave for an extension of time to file a notice of appeal, the Debtor appealed the order denying his motion to vacate on October 9, 2015. (Notice of Appeal, Case No. 13-42125, ECF Doc. No. 160.) Accompanying that appeal, was an application to proceed without prepayment of fees. (Appl., Case No. 13-42125, ECF Doc. No. 160-2.) That appeal is still pending.

B.  The Debtor's Individual Case

The current appeal and the application to proceed without prepayment of fees arises in the Debtor's individual case. The subject of the current appeal is the denial of the Debtor's motion for an extension of time to appeal his motion to stay an order lifting the automatic stay with respect to the Property pending his appeal of the order lifting the stay. The Debtor has repeatedly challenged and appealed not only these orders, but virtually every order entered in his case.[1]

*1. The Lift Stay Order*

After the Lyceum Lift Stay Order was entered and while Lyceum's case was still pending, the Debtor filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Code") on April 7, 2014. As the Debtor was a defendant in the state court foreclosure action, this filing reimposed the automatic stay on P.B.'s prosecution of its foreclosure action. Richmond, 513 B.R. at 37. P.B. promptly filed a motion for relief from the automatic stay on April 15, 2014. (Mot. for Relief from Stay, Case No. 14-41678, ECF Doc. No. 8.) The motion sought *in rem* relief pursuant to § 362(d)(4) of the Code. (Affirmation in Support ¶ 3, Case No. 14-41678, ECF Doc.

---

[1] This opinion will not recite every motion and appeal the Debtor has filed challenging an order of this Court. The Debtor has filed eleven notices of appeal in this case alone. For a full record, the reader is respectfully referred to the docket in this case, Case No. 14-41678.

3

No. 9.) The motion was granted by decision and order entered July 17, 2014 (the "Richmond Lift Stay Order"). (Decision, Case No. 14-41678, ECF Doc. No. 55; Order, Case No. 14-41678, ECF Doc. No. 56.) On August 14, 2014, an order was entered amending the Richmond Lift Stay Order (the "Amended Lift Stay Order") to specify the block and lot number of the Property and to direct the New York City Department of Finance, Office of the City Register to record the order pursuant to § 364(d)(4) of the Code, consistent with the decision granting stay relief. (Order, Case No. 14-41678, ECF Doc. No. 71; See Tr. of Hr'g Aug. 8, 2014 25:15-27:3, Case No. 14-41678, ECF Doc. No. 238.)

The Debtor filed several motions seeking to reconsider and reargue both the Richmond Lift Stay Order and the Amended Lift Stay Order. (See Case No. 14-41678, ECF Doc. Nos. 61, 62, 77, and 80.) All of these motions were denied by decision and order entered September 30, 2014. (Decision, Case No. 14-41678, ECF Doc. No. 97; In re Richmond, 516 B.R. 229 (Bankr. E.D.N.Y. 2014); Order, Case No. 14-41678, ECF Doc. No. 98.) The Debtor appealed that order as well as the Amended Lift Stay Order to the District Court. (Notice of Appeal, Case No. 14-41678, ECF Doc. No. 120; Notice of Appeal, Case No. 14-41678, ECF Doc. No. 74.) Those appeals (14-cv-7112 and 14-cv-5957, respectively) were consolidated with two appeals from Lyceum's case and all were dismissed on February 24, 2015. (Mem. Decision and Order, Case No. 14-41678, ECF Doc. Nos. 207, 208.)

On August 13, 2015, one year after the entry of the Amended Lift Stay Order, the Debtor filed a motion to vacate the Richmond Lift Stay Order and the Amended Lift Stay Order. (Mot. to Vacate, Case No. 14-41678, ECF Doc. No. 316.) That motion was denied by order entered September 11, 2015. (Order, Case No. 14-41678, ECF Doc. No. 357.) On September 25, 2015, the Debtor filed a motion to reconsider the order denying his motion to vacate the Amended Lift Stay

4

Order. (Mot. to Reconsider, Case No. 14-41678, ECF Doc. No. 363.) That motion was denied by order entered October 16, 2015. (Order, Case No. 14-41678, ECF Doc. No. 375.) On October 30, 2015, the Debtor appealed the order denying his motion to vacate the Amended Lift Stay Order to the District Court. (Notice of Appeal, Case No. 14-41678, ECF Doc. No. 384.) That appeal is still pending.

### 2. *The Motion to Stay Pending Appeal*

On September 25, 2014, after filing the appeal of the Amended Lift Stay Order, the Debtor filed a motion to stay the Amended Lift Stay Order pending the appeal (the "Stay Motion"). (Mot. to Stay Order Pending Appeal, Case No. 14-41678, ECF Doc. No. 93.) The Stay Motion was denied by decision and order entered October 10, 2014 (the "Stay Denial Order"). (Decision, Case No. 14-41678, ECF Doc. No. 111; In re Richmond, No. 14-41678, 2014 WL 5100705, (Bankr. E.D.N.Y. Oct. 10, 2014); Order, Case No. 14-41678, ECF Doc. No. 112.) On October 24 and 25, 2014 the Debtor filed a motion and an amended motion to reconsider the Stay Denial Order. (Mot. to Reconsider, Case No. 14-41678, ECF Doc. No. 126; Am. Mot. to Reconsider, Case No. 14-41678, ECF Doc. No. 127.) Both motions were denied by order entered October 31, 2014. (Order, Case No. 14-41678, ECF Doc. No. 131.) The Debtor appealed that order to the District Court on November 14, 2014. (Notice of Appeal, Case No. 14-41678, ECF Doc. No. 149.) That appeal (15-cv-447) was dismissed on March 4, 2015. (Text Order, Case No. 14-41678, ECF Doc. No. 206.)

On July 14, 2015, nine months after the entry of the Stay Denial Order, and four months after the dismissal of his appeal of the Stay Denial Order, the Debtor filed a motion to vacate the Stay Denial Order. (Mot. to Vacate, Case No. 14-41678, ECF Doc. No. 260). That motion was denied by order entered August 7, 2015. (Order, Case No. 14-41678, ECF Doc. No. 289.) The debtor then filed a motion to reconsider the order denying his motion to vacate on August 21, 2015. (Mot. to Reconsider, Case No. 14-41678, ECF Doc. No. 326.) That motion was denied by order

5

entered September 18, 2015. (Order, Case No. 14-41678, ECF Doc. No. 360.) On October 2, 2015, the Debtor filed a motion to extend his time to appeal the order denying his motion to vacate the Stay Denial Order. (Mot. to Extend Time to Appeal, Case No. 14-41678, ECF Doc. No. 369.) That motion was denied by order entered October 14, 2015. (Order, Case No. 14-41678, ECF Doc. No. 373.) On October 28, 2015, the Debtor filed a motion to reconsider the order denying his motion to extend time to appeal. (Mot. to Reconsider, Case No. 14-41678, ECF Doc. No. 382.) That motion was denied by order entered November 2, 2015. (Order, Case No. 14-41678, ECF Doc. No. 383.)

The Debtor has now filed an appeal of the order denying his motion to extend his time to appeal. (Notice of Appeal, Case No. 14-41678, ECF Doc. No. 392.) Accompanying the appeal was an application to proceed without the prepayment of fees (the "Application"). (Appl., Case No. 14-41678, ECF Doc. No. 392-1.) That appeal (15-cv-6621) is currently pending before Judge Cogan in the United States District Court for the Eastern District of New York. On November 19, 2015, Judge Cogan issued the Referral Order asking this Court to determine whether the appeal is taken in good faith and whether it otherwise complies with 28 U.S.C. § 1915. (Order, Case No. 14-41678, ECF Doc. No. 404.) On November 24, 2015, P.B. submitted an affirmation in opposition to the Application. (Affirmation in Opp'n, Case No. 14-41678, ECF Doc. No. 401.) On December 1, 2015, the Debtor filed an affirmation in support of the Application. (Affirmation in Further Supp., Case No. 14-41678, ECF Doc. No. 405.)

## DISCUSSION

Applications to proceed without prepayment of fees (also known as *in forma pauperis*) in courts of the United States are governed by 28 U.S.C. § 1915. That statute provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken

6

in good faith." 28 U.S.C. § 1915(a)(3). The determination of good faith in this context is governed by Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). In that case, the Supreme Court held that an appellant's good faith should be judged by an objective standard. Id. at 445. An appellant's good faith is "demonstrated when he seeks appellate review of any issue not frivolous." Id. A frivolous argument is one that is "groundless, without foundation, and without merit." Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1147 (2d Cir.1993)) (internal quotations omitted). In In re Pulp Finish 1 Company, Case No. 12-13774-smb (Bankr. S.D.N.Y.) Judge Bernstein denied a litigant's motion to proceed *in forma pauperis*, finding that the litigant was "a serial plaintiff who ignores adverse judicial determinations and continues to pursue frivolous litigation." (Mem. Endorsement and Order 3, Case No. 12-13774-smb, ECF Doc. No. 730.)

Here, there can be no doubt that the Debtor continues to file multiple pleadings while ignoring adverse judicial determinations. The Debtor has already filed ten motions and two appeals seeking to vacate or reverse the Amended Lift Stay Order and the Stay Denial Order. All of them have been denied. The present appeal is the third appeal relating to these two motions and the second relating to the Stay Denial Order.

It must be reiterated what the Debtor is actually seeking to appeal here: the order denying his motion to extend the time to file a notice of appeal of the order denying his motion to vacate the order denying his motion to stay the Amended Lift Stay Order pending appeal. In his motion to extend time to file this latest appeal, the Debtor gave no reason why he required an extension of time. Though the motion refers to "nuances needing evaluation," it does not explain what prevented the Debtor, an experienced pro se litigant, from filing a timely notice of appeal.

Moreover, the appeal which the Debtor seeks an extension of time to file is utterly frivolous. The appeal of the Amended Lift Stay Order has already been prosecuted and dismissed. (Mem. Decision and Order, Case No. 14-41678, ECF Doc. Nos. 207, 208.) Any motion for a stay pending that dismissed appeal is therefore moot. The Debtor has also already appealed the Stay Denial Order. That appeal was also dismissed. (Text Order, Case No. 14-41678, ECF Doc. No. 206.) Both motions have also been the subject of numerous motions to reconsider, reargue, and vacate. Both this Court and the District Court have heard the Debtor's arguments multiple times and found them lacking. The Debtor's current attempt to prosecute another appeal of the Stay Denial Order is groundless, without foundation, and without merit.

## CONCLUSION

For the reasons stated above, this Court certifies that the instant appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).



Dated: Brooklyn, New York
December 8, 2015

Carla E. Craig
United States Bankruptcy Judge

8